## 9336. WOODRUFF v. OPOLINSKY.

1. The issue of partial failure of consideration, raised by the defendant's plea, under appropriate instructions from the court, should have been submitted to the jury, and, under the evidence submitted, the court erred in directing a verdict for the plaintiff. Civil Code, § 4137: *Kronman* v. *Roush Produce Co.*, 3 *Ga. App.* 152 (59 S. E. 320).

2. As to the defendant's complaint that the court erred in admitting in evidence a certain letter written by Jos. M. Sicker to the Rome Produce Co.: A witness for the plaintiff (one Lewis) testified that "this letter was signed by Mr. Sicker on November 14, 1914, sent to the defendant, and this letter was later returned by the defendant to him, and he thereupon brought the letter to our place of business and handed it to us." It does not appear that these matters of fact were from the witness's own knowledge, or whether it was mere hearsay, but, the testimony not having been objected to, the court did not err in overruling the objection to the admission of the letter.

DECIDED JANUARY 22, 1918.

Complaint; from city court of Floyd county—Judge Nunnally. September 6, 1917.

Counsel for plaintiff (defendant in error) contended: (1) that delivery to the carrier was delivery to the consignee, and the burden was on the defendant to show that the grapes were defective when so delivered; and (2) that their condition could have been ascertained by inspection, and that defects were waived by acceptance; citing: (1) *Mann* v. *Glauber,* 96 *Ga.* 795; *McCullough* v. *Armstrong,* 118 *Ga.* 424. (2) *Cook* v. *Finch,* 117 *Ga.* 541; *Henderson Elevator Co.* v. *North Ga. Milling Co.,* 126 *Ga.* 279.

Cited contra: . Civil Code (1910), § 4137; *Haltiwanger* v. *Tanner,* 103 *Ga.* 314; *Snowden* v. *Waterman,* 105 *Ga.* 384; *Kronman* v. *Roush Produce Co.,* 3 *Ga. App.* 152.

*M. B. Eubanks,* for plaintiff in error. *Denny & Wright,* contra.

HARWELL, J. Opolinsky brought suit against Woodruff (formerly doing business under the name of the Rome Produce Company) upon an account for grapes shipped in kegs from New York City to the defendant at Rome, Georgia, in March, 1914. Woodruff pleaded partial failure of consideration, alleging that through poor packing a large quantity of the grapes was received mashed, bruised, unsound, and that they were not merchantable. He further alleged that he was a wholesaler, and that as the grapes were packed in kegs he did not know and could not ascertain their real condition until they had been received and opened by the retail merchants to whom he had sold them, and that most of the kegs were returned to him by his customers. The evidence for the

plaintiff showed that the goods were shipped to the defendant upon an order of Joseph Sicker & Co., brokers, of New York City; that the defendant had sent an order to them for the grapes. The plaintiff's testimony further showed that the grapes were originally packed in Spain; that their condition was good when they were shipped from New York; that if they were sound on arrival in New York, they would "carry" (keep) for two or three months, and if unsound they would have to be disposed of quickly to the local trade; that the condition of a lot of 25 or 40 kegs of grapes could be ascertained by opening three or four kegs of the lot at random, each lot being packed for single shipment; and that Mr. Sicker examined a number of the kegs at random and found them to be in good and sound condition.

The testimony for the defendant showed that he was a wholesale merchant; that when the grapes were received in Rome he took them out of the car and that they were packed in cork in kegs or barrels; that he immediately sold them to the retail trade and delivered them to certain retailers; that after delivering them the retail trade began to open the kegs, and, with the exception of ten or twelve kegs, the entire lot was returned to him as being unsound, unfit for sale, and not merchantable at all, and that with the exception of the ten or twelve kegs. the entire lot was unsound, rotten, mashed, and clotted together, and unfit for sale; that these grapes would have been sound if properly packed in the first instance; that the kegs should not be opened until ready to be put on sale by the retailer; that it is impossible to rehead a keg (opened for the purpose of examination) and have it in the same condition as when first packed; that in so opening a keg of grapes the air is let in and they must be sold at once; that when a retailer buys a lot of half a dozen kegs he opens but one keg at a time; that he could not know the grapes were unsound and unfit for sale until the kegs were opened; that the grapes are so packed they can not be examined without opening the kegs; that the only way to tell the condition of grapes without opening the kegs is by weighing them,—if they weigh a certain number of pounds they are all right, and, if less than that weight, then there is something wrong; that he (the defendant) did not weigh the grapes and did not open the kegs, but that they were opened by the retailers, who immediately returned them to him; that he made a partial payment to cover the returns from the good grapes in the lot and the salvage from

the others, but refused to pay the remainder of the account.

Upon the conclusion of the testimony the court directed a ·verdict for the plaintiff for the full amount sued for.

The rulings stated in the headnotes do not require elaboration.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*